1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID D. HARRIS,

11              Plaintiff,              No. 2:13-cv-0821 EFB P

12        vs.

13   D. BOWERMAN,                       ORDER & FINDINGS & RECOMMENDATIONS
                                        TO DISMISS THE ACTION FOR FAILURE TO
14              Defendant.              EXHAUST ADMINISTRATIVE REMEDIES

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He states in his complaint that he did not pursue administrative relief at the final

18   level of review.  Moreover, as discussed below, the stated reasons for not exhausting the

19   administrative appeal process fail to excuse the exhaustion requirement.  This action must

20   therefore be dismissed for plaintiff's failure to exhaust administrative remedies.  *See Wyatt v.*

21   *Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid

22   ground for dismissal of an action, so long as no exception applies).

23        The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide

24   that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

25   title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

26   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

1

1  This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);

2  *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

3  making exhaustion a precondition to judgment, but it did not.  The actual statue makes

4  exhaustion a precondition to *suit*.").  Therefore, a prisoner must exhaust available administrative

5  remedies before filing any papers in federal court and is not entitled to a stay of judicial

6  proceedings in order to exhaust.  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006);

7  *McKinney*, 311 F.3d 1198;  *see also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir.

8  2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a

9  supplemental complaint regarding conduct that occurred after the initial complaint was filed).

10  　　　California prisoners may appeal "any policy, decision, action, condition, or omission"

11  that the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code

12  Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three

13  levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

14  Regs. tit. 15, § 3084.7.  Administrative remedies generally are exhausted once a plaintiff has

15  received a "Director's Level Decision," or third level review, with respect to his issues or claims.

16  Cal. Code Regs. tit. 15, § 3084.1(b).

17  　　　On his form complaint, plaintiff indicates that a grievance procedure is available at his

18  place of confinement, and that he presented the facts in his complaint for review through the

19  grievance procedure.  However, he states that even though his grievance was denied at the

20  second level of review, he did not pursue relief at the third level.  Plaintiff's explanation for not

21  pursuing relief at the third level is that "[t]here is no administrative remedy for monetary

22  compensation," "exhaustion is not required if the admin. remedy is unavailable or inadequate,"

23  "exhaustion of admin. remedies isn't required if pursuit would be futile," and "plaintiff facing

24  irreparable harm."  Dckt. No. 1, § 1.D.  Plaintiff further explains that he did not present his claim

25  for review through the grievance procedure because when "compensation is due for physical

26  injuries, the matter exceeds CDCR's authority."  *Id.* § I.F.

1    Plaintiff appears to believe that his failure to seek third level review is excused if he

2  sought monetary damages, claimed to face irreparable harm, or otherwise viewed the

3  administrative appeals procedure as futile or inadequate.  He is mistaken.  Exhaustion is

4  mandatory and plaintiff's proposed exceptions to the exhaustion requirement do not excuse his

5  failure to seek third level review.  *See Booth* 532 US at 741 n. 6 (stating courts should not read

6  "futility or other exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002)

7  ("Even when the prisoner seeks relief not available in grievance proceedings, notably money

8  damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be

9  exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and

10  effective.'")

11    "Proper exhaustion demands compliance with an agency's deadlines and other critical

12  procedural rules because no adjudicative system can function effectively without imposing some

13  orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

14  The allegations in the complaint demonstrate that plaintiff has not "properly exhausted" his

15  claims by pursuing all levels of administrative review available to him, and that there is no

16  applicable exception to the exhaustion requirement.  This action must therefore be dismissed

17  without prejudice.[1]  *See Wyatt*, 315 F.3d at 1120.

18    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a

19  United States District Judge to this action.

20    Further, IT IS HEREBY RECOMMENDED that this action be dismissed without

21  prejudice for failure to exhaust administrative remedies prior to filing suit.

22    These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24  after being served with these findings and recommendations, any party may file written

25

26    [1]  Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

3  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

4  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5  Dated:  May 13, 2013.

7  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE