IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID D. HARRIS,

    Plaintiff,                      No. 2:13-cv-0821 EFB P[1]

vs.

D. BOWERMAN,                ORDER TO DISMISS THE ACTION FOR
FAILURE TO EXHAUST ADMINISTRATIVE
    Defendant.               REMEDIES

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He states in his complaint that he did not pursue administrative relief at the final level of review. Moreover, as discussed below, the stated reasons for not exhausting the administrative appeal process fail to excuse the exhaustion requirement. This action must therefore be dismissed for plaintiff's failure to exhaust administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies).

---

[1] On May 13, 2013, the undersigned ordered that a district judge be assigned to this action and then recommended that this action be dismissed for failure to exhaust. Dckt. No. 6. Before that order was filed, plaintiff's consent to having a United States Magistrate Judge conduct all further proceedings in this case was filed. Dckt. No. 4. Accordingly, the court will vacate the May 13, 2013 order and findings and recommendations. This action shall remain assigned to the undersigned pursuant to plaintiff's consent, and the case number shall be 2:13-cv-0821 EFB. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198; *see also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

On his form complaint, plaintiff indicates that a grievance procedure is available at his place of confinement, and that he presented the facts in his complaint for review through the grievance procedure. However, he states that even though his grievance was denied at the second level of review, he did not pursue relief at the third level. Plaintiff's explanation for not pursuing relief at the third level is that "[t]here is no administrative remedy for monetary compensation," "exhaustion is not required if the admin. remedy is unavailable or inadequate,"

"exhaustion of admin. remedies isn't required if pursuit would be futile," and "plaintiff facing irreparable harm." Dckt. No. 1, § 1.D. Plaintiff further explains that he did not present his claim for review through the grievance procedure because when "compensation is due for physical injuries, the matter exceeds CDCR's authority." *Id.* § I.F.

Plaintiff appears to believe that his failure to seek third level review is excused if he sought monetary damages, claimed to face irreparable harm, or otherwise viewed the administrative appeals procedure as futile or inadequate. He is mistaken. Exhaustion is mandatory and plaintiff's proposed exceptions to the exhaustion requirement do not excuse his failure to seek third level review. *See Booth* 532 US at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'")

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The allegations in the complaint demonstrate that plaintiff has not "properly exhausted" his claims by pursuing all levels of administrative review available to him, and that there is no applicable exception to the exhaustion requirement. This action must therefore be dismissed without prejudice.[2] *See Wyatt*, 315 F.3d at 1120.

////

////

////

---

[2] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The May 13, 2013 order and findings and recommendations (Dckt. No. 6) are vacated.

2. This action shall remain assigned to the undersigned pursuant to plaintiff's consent (Dckt. No. 4).

3. This action is dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

Dated: May 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4